UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-107-H

**ANGELO CROSS**                                                                                                **PLAINTIFF**

**v.**

**MT. LEBANON OF CEDARS** *et al.*                                                          **DEFENDANTS**

## MEMORANDUM OPINION

By prior Order, the Court granted the plaintiff thirty days within which to amend his complaint to set forth the basis of this Court's jurisdiction (DN 6). Upon review of the plaintiff's amendment (DN 7) in conjunction with the complaint (DN 1), the Court concludes that the instant action must be dismissed for lack of subject matter jurisdiction.

### I. SUMMARY OF CLAIMS

**A. Complaint**

Alleging "harrassmant, discrimination, for, sex, age, man, slander, [and] defamation of character," the plaintiff, who is 48 years old, brings the instant action against five defendants: Mt. Lebanon of Cedars, HUD, Angelia Carr, Wanda Hoosier, and an Unknown Owner. Although he names five defendants, the allegations pertain only to Defendant Carr. Specifically, the plaintiff first claims that Ms. Carr said he was a "crack head and . . . doing drug[s]." Second, he claims that Ms. Carr has harassed him and placed "false violation[s] . . . in [his file]" because he was "too young to be in here." Finally, he claims that Ms. Carr began "discriminating on [him]" after he gave her a response to the question of "why do I go with a 72 yr old lady when I can have her?" As relief, he seeks damages for pain and stress, and he wants Ms. Carr to lose her job.

**B. Amendment**

In the amendment, the plaintiff again alleges harassment, discrimination, slander, and defamation of character, and he cites to the following statutes: 344.010, 344.033, 344.240, 344.362, 344.630, 344.665, 344.670, 344.990, 413.140, 452.460, 26A.012.[1] He provides no additional facts.

## II. ANALYSIS

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under 28 U.S.C. § 1332, the diversity of citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states. . . . " While the plaintiff

---

[1] While the plaintiff does not specify, it appears that the statutes to which he cites are actually Kentucky Revised Statutes. For instance, the Kentucky Civil Rights Act is codified at KRS § 344.010 *et seq.*, and as listed above, he cites to 344.010, 344.033, 344.240, 344.362, 344.630, 344.665, 344.670, and 344.990.

seeks $20 million dollars in damages, he fails to demonstrate that each defendant is a citizen of a State other than Kentucky, where he resides. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."). Consequently, the plaintiff cannot bring his state law claims by way of the federal diversity statute.

Under the federal question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Neither the complaint nor the amendment, however, contains any reference to the United States Constitution or any federal statute or law upon which this Court's jurisdiction rests, and even under the most liberal of construction of the complaint and its amendment, this Court cannot discern a federal cause of action under which the plaintiff may invoke this Court's federal question jurisdiction. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (explaining that a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for the plaintiff. *Clark*

*v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Since even a liberal reading of the complaint and its amendment leads this Court to conclude that the plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4412.005